OSVALDO E. FUMO, ESQ.
Nevada Bar No. 5956
PITARO & FUMO, CHTD.
601 Las Vegas Boulevard, South
Las Vegas, Nevada 89101
(702) 474-7554 Fax (702) 474-4210
Attorney for Defendant KARYN KOEPKE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KARYN KOEPKE,<br><br>Defendant. | 2:14-CR-00312-GMN-NJK |

**SENTENCING MEMORANDUM**

I.       **FACTUAL BACKGROUND OF KOEPKE**

Before the Court, is Ms. Karyn Koepke ("Koepke"), a 29-year old woman has plead guilty to possession of stolen mail in violation of 18 U.S.C. § 1708. Koepke endured difficult times as a teenager, as she suffered from depression and was sexually assaulted by a teacher at age 15. At age 16, Koepke, received mental health treatment and was placed in an in-patient program at Westcare.

Koepke has also had issues with drug abuse in the past. Koepke has used alcohol, marijuana, cocaine, and methamphetamine in the past. Koepke's use of methamphetamine got out of control and she began using it on a daily basis. Koepke has been working on her drug issues, and has been attending substance abuse treatment at Choices Group, Inc. Koepke's counselor at Choices also believes that she is suffering from depression.

Koepke did not graduate from high school as she dropped out in the 10th grade. Koepke is hoping to obtain her GED, and to obtain employment.

1    Koepke is in a relationship with her co-defendant, Robert Petrozzino (Petrozzino),

2 and they have one child, Gianna, who is one years old. Koepke is currently caring for Gianna and

3 living at her parents home. Petrozzino has written a letter stating that the instant case was all his

4 idea, and that he was doing it to support his drug habit. Koepke was only following him and helping

5 him because of the relationship they were in. This letter is attached as exhibit A.

6    Koepke humbly requests that the following matters be taken into consideration in

7 determining a reasonable sentence.

8 **II.**                    **TERMS OF THE NEGOTIATION**

9    On January 23, 2015, Koepke plead guilty to Count One of the Criminal Indictment

10 without the benefit of a Plea Agreement. Sentencing is currently set for June 11, 2015. The

11 Government in its Guilty Plea Memorandum Without a Plea Agreement has calculated the total

12 offense level to be 13. Probation in the PSR also finds that the total offense level is 13. The

13 Government agrees to recommend a sentence within the applicable guideline range of 12-18 months,

14 and Probation is recommending a low end sentence of 12 month sentence.

15    For the reasons set forth in this memorandum, Koepke is asking that this court place

16 her on probation for a term of 3 years.

17 **III.**                    **SENTENCING CASE LAW**

18    In 2005, the Supreme Court decided United States v. Booker, 543 U.S. 220, 224, 125

19 S. Ct. 738, 756 (2005), ruling that those provisions of the federal Sentencing Reform Act of 1984

20 which make the Sentencing Guidelines mandatory, 18 U.S.C. § 3553(b)(1), or which rely upon the

21 Guidelines mandatory nature, 18 U.S.C. § 3742(e), are incompatible with the Sixth Amendment.

22 Booker, 543 U.S. at 245, 125 S. Ct. at 756-57. The Court severed and excised those provisions,

23 making the Guidelines advisory. Id. Instead of being bound by the Guidelines, the Sentencing

24 Reform Act, as revised by Booker, "[r]equires a sentencing court to consider Guidelines ranges, . .

25 . but it permits the court to tailor the sentence in light of other statutory concerns as well." Booker,

26 543 U.S. at 245, 125 S. Ct. at 757.

27    Thus, under Booker, sentencing courts must treat the Guidelines as just one of a

28 number of sentencing factors set forth in 18 U.S.C. § 3553(a). The primary directive in § 3553(a)

is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. Section 3553(a)(2) states that such purposes are:

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational                    training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:  the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1));  the kinds of sentences available including Guidelines sentences (§ 3553(a)(3) and (4)); policy statements issued by the Sentencing Commission (§ 3553 (a)(5)); the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (§ 3553(a)(6)); and,  the need to provide restitution to any victims of the offense (§ 3553(a)(7)).

Other statutory sections also give the district court direction in sentencing.  Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the § 3553(a) factors, the judge is required to recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Under 18 U.S.C. § 3661, no limitation shall be placed on the information concerning the background, character, and conduct of the defendant which the sentencing court may receive and consider for the purpose of imposing an appropriate sentence.  This statutory language and  the holding of Booker certainly override the (now-advisory) policy statements in Part 5H1 of the Guidelines, which list as not ordinarily relevant to sentencing a variety of factors such as the defendants age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See Rita v. United States, 551 U.S. 338, 364-65, 127 S. Ct. 2456, 2473 (2007) (Stevens, J., concurring) ("Matters such as age, education, mental or

1   emotional condition, medical condition (including drug or alcohol addiction), employment history,

2   lack of guidance as a youth, [and] family ties," are not ordinarily considered under the Guidelines,

3   however the sentencing judge is authorized to consider these factors under § 3553(a)(1)); <u>Gall v.</u>

4   <u>United States</u>, 552 U.S. 38, 52-60, 128 S. Ct. 586, 598-602 (2007) (upholding below Guideline

5   sentence based on individual offender and offense characteristics that Guidelines discourage or

6   prohibit courts from considering, such as defendant's youth and drug use at the time of the offense);

7   <u>Pepper v. United States</u>, 131 S. Ct. 1229, 1241 (2011) ("Although the Guidelines should be the

8   starting point and the initial benchmark," district courts may impose sentences within statutory limits

9   based on appropriate consideration of all of the factors listed in § 3553."). The directives of Booker

10  and § 3553(a) make clear that courts may no longer uncritically apply the Guidelines. Such an

11  approach would be inconsistent with Booker's rejection of mandatory Guideline sentences as judicial

12  fact-finding and its direction to district courts to consider all of the 3353(a) factors, many of which

13  the Guidelines either reject or ignore. <u>United States v. Ranum</u>, 353 F. Supp. 2d 984, 985-86 (E.D.

14  Wisc. 2005) (Adelman, J.).

15      As another district court judge has correctly observed, any approach which

16  automatically gives heavy weight to the Guideline range comes perilously close to the mandatory

17  regime found to be constitutionally infirm in Booker. <u>United States v. Jaber</u>, 362 F. Supp. 2d 365,

18  371-72 (D. Mass. 2005) (Gertner, J.). <u>See</u> <u>also</u>, <u>United States v. Ameline</u>, 400 F.3d 646, 655-56 (9th

19  Cir.) (advisory Guideline range is only one of many factors that a sentencing judge must consider

20  in determining an appropriate individualized sentence), adhered to on rehearing, 409 F.3d 1073 (9th

21  Cir. 2005). Accordingly, no special weight should be attached to the Guideline range relative to the

22  other § 3553(a) factors.

23      In sum, in every case, a sentencing court must now consider all of the § 3553(a)

24  factors, not just the Guidelines, in determining a sentence that is sufficient but not greater than

25  necessary to meet the goals of sentencing. And where the Guidelines conflict with other sentencing

26  factors set forth in § 3553(a), these statutory sentencing factors should generally trump the

27  Guidelines. <u>See</u> <u>United States v. Denardi</u>, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J,

28  concurring in part, dissenting in part) (arguing that since § 3553(a) requires a sentence be no greater

1  than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary

2  to meet those purposes violates statute and is reversible, even if within Guideline range).

3  **IV.**                          **APPLICATION OF 18 U.S.C. § 3553 SENTENCING FACTORS**

4              **1.**      **§ 3553(a)(1) mitigating factors**

5              The following history and characteristics of Koepke are mitigating factors supporting

6  the sentence requested herein.

7              **A. Defendant's Family**

8              As noted in the PSR, Koepke has a close relationship with her parents, who she

9  currently resides with, along with her daughter Gianna.  If released on probation, Koepke could

10  continue to reside in this residence.

11             **B.    Defendant's Minimal Criminal History**

12             Koepke is criminal history category I, as she has only 1 criminal history point.  This

13  case that led to the 1 point was a domestic violence case involving her father in 2006.  Koepke and

14  her family have reconciled and put this case behind them, as she is now living with them.

15             **C.  Defendant's Rehabilitative Efforts and Ability to Contribute to Society**

16             Koepke has had an admitted drug problem in the past.  She got to the point where she

17  was using methamphetamine on a daily basis, and where her fiancé Petrozzino was so addicted to

18  methamphetamine that the instant crime was committed.  Koepke has taken it upon herself to attend

19  substance abuse counseling to beat this drug addiction.  It is clear that if it were not for drugs,

20  Koepke would not be in the posititon she is currently in with this Court.  If granted probation,

21  Koepke could continue to receive this drug treatment so that she does not fall down the same path

22  as before.

23             When she is clean, Koepke is very capable and productive member of society.  In the

24  past, she has shown that with the right structure and resources she can again be a productive member

25  of society in the future.

26             **D. Economic Circumstances**

27             Koepke has a stable residence that she may live in if granted probation.  Koepke is

28  hoping to obtain her GED and gain employment if granted probation so that she may provide for her

1  daughter.  Petrozzino is facing substantial prison time and thus will not be able to take care of or

2  provide for their daughter Gianna.  If Koepke is placed in prison, then both of Gianna's parents will

3  be incarcerated, and will not be able to raise her.   The better option would be to place Koepke on

4  probation so that she may properly raise her young daughter.

5             **2.        § 3553(a)(2) factors:**

6             The requested sentence of a term of 3 years probation rather than prison time is

7  adequate to reflect the seriousness of the offense, promote respect for the law, provide just

8  punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from

9  further crimes, and provide Koepke with correctional treatment in the most effective manner.

10 Koepke recognizes that his offense is serious.  However, at the time she was helping her fiancé

11 commit the crimes so that he could support his drug habit, as evidenced by the attached letter.  The

12 requested sentence will ensure that Koepke is punished adequately and provide general deterrence

13 and protect the public from future crimes.  Koepke understands the wrongness of her conduct and

14 that she must pay a price for her actions.

15            Koepke has had no incidents or criminal activity since being on pretrial release, which

16 shows that she will be successful on probation.   Placing Koepke in custody rather than allowing her

17 to serve her sentence on probation has no added benefit.  Research has consistently shown that while

18 the certainty of being caught and punished as a deterrent effect; "increases in severity punishments

19 do not yield significant, if any, marginal deterrent effects." Michael Tonry, Purposes and Functions

20 of Sentencing, 34 Crime & Just. 1, 28 (2006).  The sentence requested by Koepke is sufficient but

21 not greater than necessary to meet the goals of sentencing set forth at § 3553(a)(2).

22            **3.  § 3553(a)(3) and (4), the kinds of sentences available**

23            The Court must consider all of the kinds of sentences available.  A sentence of 3 years

24 of probation is appropriate to this case.  If the court departs 1 point to a offense level of 11, then she

25 is eligible for probation, with house arrest as a condition.  This will allow her to continue raising her

26 child and addressing her previous drug addiction, by continuing with drug treatment.  Further

27 Koepke can address her depression by obtaining counseling.

28

1  **V.**              **SENTENCE RECOMMENDATION**

2          For the foregoing reasons, Koepke respectfully submits that a sentence of 3 years

3  probation is sufficient, but not greater than necessary, to comply with the statutory directives set

4  forth in 18 U.S.C. § 3553(a), and is the appropriate sentence here.

5

6          DATED this 4th day of June, 2015

7

8          _____/s/  Osvaldo E. Fumo, Esq._
           OSVALDO E. FUMO, ESQ
9          Nevada State Bar No.: 5956
           PITARO & FUMO, CHTD.
10         601 Las Vegas, Blvd.
           Las Vegas, Nevada 89101
11         Phone: (702) 474-7554
           Fax: (702) 474-4210

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17    EXHIBIT 1
18
19
20
21
22
23
24
25
26
27
28

To WHOM IT MAY CONCERN,                                    11-4-14

                    MY NAME IS Robert Petrozzino # 49385048

I AM WRITTING THIS LETTER ON BEHALF OF KARYN KOEPKE AND
MYSELF. I JUST WANT ALL PARTIES INVOLVED IN OUR CASE THAT
I ACT ALONE IN MY CRIMINAL BEHAVIOR. KARYN RENEE KOEPKE
IS THE MOTHER OF MY NINE MONTH OLD DAUGHTER GIANNA MARIE
PETROZZINO. SHE IS ONLY GUILTY OF BEING A JELOUS LOVER.
SHE THOUGHT AT TIMES THAT I WAS NOT FAITHFUL TO OUR
RELATIONSHIP. THAT IS WHY FROM TIME TO TIME SHE WAS
PRESENT WHILE I WAS COMMITTING CRIMINAL ACTS TO SUPPORT
MY DRUG ADDICTION. I AM RESONSIBLE FOR MY ACTIONS AS WELL
AS MY BEHAVIOR. I REGRET THE POSITION MY FAMILY IS IN
BECAUSE OF MY ADDICTION AND ACTIONS, I REGRET THE FACT THAT
KARYN IS EVEN APART OF THIS CASE. I ASK YOU TO PLEASE ACKNOWL-
EDGE THE FACT THAT LOVE AND JELOUSY CAN MAKE A PERSON DO
STUPID THINGS AND MAKE BAD DECISIONS. PLEASE UNDERSTAND THAT
I ALWAYS ACTED ALONE. SHE WOULD NOT HAVE BEEN THERE IF I
WAS A MORE SELFLESS PERSON WHO TOOK MY LOVERS FEELINGS
INTO CONSIDERATION. THERE IS NO CIRCLE, CREW OR GANG THAT
I RUN WITH. THERE IS NO LEADER. THIS WAS JUST A CRIME
I COMMITTED TO SUPPORT MY DRUG ADDICTION TO METH. I NOW
WILL BE ABLE TO ADDRESS MY DRUG ADDICTION SERIOUSLY FOR
THE NEXT FORTY TWO MONTHS WHILE IN THE B.O.P. KARYN IS
GOOD PERSON AND A GREAT MOTHER I ASK THAT YOU PLEASE
SHOW HER THE ~~BEEN RP BE RP~~ LIENANCY SHE DESERVES. THANK YOU

                        ROBERT PETROZZINO #44385048

                    x Robert Petrozzino