DANIEL G. BOGDEN
United States Attorney
District of Nevada
J. Gregory Damm
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada  89101
702-388-6336

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT PETROZZINO; and<br>KARYN KOEPKE,<br>　　　　　Defendants. | 2:14-CR-312-GMN-NJK<br><br>GOVERNMENT'S RESPONSE TO DEFENDANTS' SENTENCING MEMORANDUMS |

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and J. Gregory Damm, Assistant United States Attorney, submits this GOVERNMENT'S RESPONSE TO DEFENDANTS' SENTENCING MEMORANDUMS.

<u>Robert Petrozzino</u>

Role in the Offense -

The defendant Petrozzino objects to paragraph # 27 of the PSR which applies a two-level upward adjustment for his role as an "organizer, leader, manager, or supervisor of criminal activity." The defendant claims that the "adjustment does not apply to a defendant who merely suggests committing the offense."  CR # 45, page 3. At the time of his arrest on September 10, 2014, the defendant admitted to stealing mail from the Silver Creek apartments on two separate

1  occasions and that he stole mail from apartments located in the Boulder Highway area on five or
2  six occasions.

3  Defendant Koepke was arrested on September 11, 2014, and provided a statement at the
4  time of her arrest. Koepke stated that her "boyfriend [Petrozzino] was high on drugs and would
5  tell me we were going somewhere and I had no choice." "According to Koepke, she and
6  [Petrozzino] had to walk across the street with a stroller that contained her baby in order to get
7  to Silver Creek because she did not have another option. Koepke stated that they stole mail
8  more than ten times from the mail room at Silver Creek between April 2014 and June 2014."
9  "Koepke stated [Petrozzino] told her to go ask about an apartment in order to distract the
10 apartment manager while he stole mail from the mail room."

11 "Koepke stated they would take the mail to another individual who would provide
12 methamphetamine to them in exchange for the mail. According to Koepke, she and [Petrozzino]
13 had been stealing mail since December 2013. She stated the last time they stole mail was a few
14 days before [Petrozzino] was arrested in September 2014."

15 In a letter from defendant Petrozzino addressed "To Whom It May Concern" dated
16 November 4, 2014, defendant Petrozzino stated that he "always acted alone." CR # 47, page 9.
17 Defendant Petrozzino explained his co-defendant's presence at the mail theft locations because
18 she, Koepke, was a jealous lover and that she thought that he, Petrozzino, was not faithful to
19 their relationship and that she was present to support his drug addiction. Defendant Petrozzino's
20 factual justification for involving his girlfriend, Koepke, does not comport with her statement
21 that she "had no choice."

22 "[I]n order for a defendant to qualify as an "organizer" for purposes of § 3B1.1(c), there
23 must be "evidence that the defendant [1] exercised some control over others involved in the
24 commission of the offense or [2] was responsible for organizing others for the purpose of

2

carrying out the crime." United States v. Whitney, 673 F.3d 965, 975 (9th Cir.2012) (internal quotation marks omitted)." *U.S. v. Doe*, 778 F.3d 814, 823 (9th Cir. 2015). Petrozzino clearly exercised control of co-defendant Koepke in requiring her presence and participation in the multiple mail thefts committed by both defendants.

Also, "to qualify for the § 3B1.1(c) organizer enhancement, the defendant must have the necessary influence and ability to coordinate the behavior of others so as to achieve the desired criminal result." (citations omitted) *Doe* supra at 826. Defendant Petrozzino used his position as boyfriend and father of her child to influence the behavior of co-defendant Koepke to gain her cooperation in his criminal activities. The two-level enhancement under USSG § 3B1.1(c) was properly applied.

Loss Amount –

Defendant Petrozzino complains about the loss amount calculation in paragraph # 4 of the PSR and its corresponding four-point enhancement because the intended loss was more than $10,000. Defendant Petrozzino complained "that there had been no factual finding that [he] purposefully intended to inflict any possible loss that may have incurred in the unopen (sic) mail" and that he "did not have knowledge of the contents of the unopened mail." CR # 45, page 4.

"U.S.S.G. § 2B1.1(b)(1) requires a sentencing court to increase the base offense level in accordance with the amount of actual or intended loss that the crime inflicted. Actual loss includes the amount of pecuniary harm that the "defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." U.S.S.G. § 2B1.1 cmt. n. 3(A)(I), (iv). Under U.S.S.G. § 2X3.1, the amount of loss is limited to the amount of which the defendant-accessory knew or should have reasonably known. Id. § 2X3.1 cmt. n.1." *U.S. v. Tamman*, 782 F.3d 543, 550 (9th Cir. 2015). The district court "need only make a reasonable

3

estimate of the loss." Application Note 3(C) to U.S.S.G. § 2B1.1. *See United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir.2008).

The amount of loss calculation in this case is very conservative. According to Petrozzino's co-defendant, they had been stealing mail since December 2013 and last stole mail a few days before defendant Petrozzino's arrest on September 9, 2014. The co-defendant said that they would take the stolen mail to another individual in exchange for methamphetamine. There were approximately 485 victims with 638 pieces of stolen mail recovered including stolen checks totaling over $10,000. PSR ¶ 15. The amount of loss calculation captures just a snapshot in time of the actual loss, i.e. September 9, 2014. The defendants did not hoard stolen mail from December 2013 to September 2014, but used the stolen mail as currency to buy drugs. The amount of loss calculation is an appropriate reasonable estimate of the actual loss.

///

///

///

<u>Karen Koepke</u>

The PSR recommends a sentence of twelve months for defendant Koepke. Defendant Koepke is requesting a three-year probationary sentence. Defendant Koepke indicates that she wants to continue drug counseling so that she can overcome her methamphetamine addiction and obtain mental health counseling. She wants to become a productive member of society at 29 with a tenth-grade education and no work history in the last three years. Defendant Koepke wants to raise and care for her daughter that she took with her when she and co-defendant Petrozzino stole mail for ten months between December 2013 and September 2014. A 12-month sentence "should provide an adequate punishment, which is not greater than necessary, while protecting the community and affording adequate deterrence." PSR ¶ 104.

                                      DANIEL G. BOGDEN,
                                      United States Attorney

DATE: <u>June 9, 2015</u>               <u> //s// J. Gregory Damm </u>
                                              J. Gregory Damm
                                              Assistant United States Attorney

Certificate of Service

I, Veronica Criste, hereby certify that I am an employee of the United States Department of Justice, and that on this day I served a copy of the following: GOVERNMENT'S RESPONSE TO DEFENDANTS' SENTENCING MEMORANDUMS, upon counsel for all defendants appearing in this matter via the CM/ECF system, by electronically filing said document.

Dated:   June 9, 2015          /s/   Veronica Criste
                                     Legal Assistant to J. Gregory Damm
                                     Assistant United States Attorney
                                     District of Nevada