# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> KARYN R. KOEPKE, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:14-cv-00312-GMN-NJK-2 <br><br> **ORDER** |

Pending before the Court is Defendant Karyn R. Koepke's Emergency Motion to Amend Plea (ECF No. 64), the Government's Motion to Dismiss Defendant's Motion (ECF No. 68), and Defendant's Reply (ECF No. 69).

On January 23, 2015, Defendant appeared before the Court and entered a guilty plea to one count of Possession of Stolen Mail, in violation of 18 U.S.C. § 1708. (*See* ECF No. 38). The Court found Defendant competent to enter the plea, and made sure Defendant was aware of the consequences of pleading guilty. At sentencing on June 11, 2015, this Court reviewed the Presentence Report and accepted Defendant's guilty plea. (*See* ECF No. 50). Defendant was sentenced to twelve (12) months and one day of imprisonment, along with three (3) years of supervised release. (*See* ECF No. 53). Defendant was allowed to self-surrender on October 5, 2015. Defendant filed a Motion to Stay Surrender (ECF No. 65) which the Court granted pending the outcome of Defendant's Motion to Amend Plea (ECF No. 64).

After the Court enters judgment, criminal sentences can only be modified as "expressly permitted" by Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c); *see also Dolan v. United States*, 560 U.S. 605, 622 (2010) ("Once a sentence has been imposed, …, it is final, and the trial judge's authority to modify it is narrowly circumscribed."). Rule 35

limits modifications to those "correct[ing] a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Further, such amendment must be done within 14 days following sentencing. *Id.*

First, Defendant filed the instant motion on October 2, 2015, over 3 months after sentencing, making such motion untimely. Additionally, Defendant argues in her motion that she received ineffective assistance of counsel. (Mot. to Amend Plea 3–4, ECF No. 64). A claim for ineffective assistance of counsel does not fall under the narrow exceptions allowed by Federal Rule of Criminal Procedure 35. *See United States v. Aguirre*, 214 F.3d 1122, 1126 (9th Cir. 2000) ("Rule 35(c) is intended to permit the district court to correct obvious sentencing errors, but not to reconsider, to change its mind, or to reopen issues previously resolved under the guidelines, where there is no error." (internal quotation marks omitted)). An ineffective assistance of counsel claim can be properly raised as a form of habeas relief, but not to amend a sentence. Accordingly, the Court denies Defendant's Motion without prejudice, so Defendant may refile a proper motion for habeas relief under 28 U.S.C. § 2255 or any other applicable relief.

**IT IS HEREBY ORDERED** that Defendant's Motion to Amend Plea (ECF No. 64) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss (ECF No. 68) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion Hearing scheduled for 9:30am on November 3, 2015 is VACATED.

**DATED** this 31st day of October, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge