UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cr-0312-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| KARYN KOEPKE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Petitioner Karyn Koepke's Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 75). The Government filed a Response. (ECF No. 84).

**I.      BACKGROUND**

The federal grand jury sitting in the District of Nevada returned an Indictment on September 23, 2014, charging Petitioner with one count of Possession of Stolen Mail, in violation of 18 U.S.C. § 1708. (ECF No. 16). On January 12, 2015, Petitioner filed a Notice of Intent to Plead Guilty (ECF No. 34), and the Government filed a Guilty Plea Memorandum without a Plea Agreement (ECF No. 35). On January 23, 2015, Petitioner pled guilty to Count 1 of the Indictment, and the Court conditionally accepted her guilty plea. (ECF No. 38). At sentencing on June 11, 2015, the Court accepted Petitioner's plea and adjudicated her guilty of the charge. (ECF No. 50). Petitioner was sentenced to twelve months and one day of custody, followed by three years of supervised release. (ECF No. 53). This sentence was based, in part, on a four-level enhancement "because the offense anticipated loss exceeded $10,000 but was less than $30,000." (Sentencing Tr. 5:20–21, ECF No. 80). During sentencing, the Court informed Petitioner that she did not waive any of her appellate rights at her change of plea hearing. (*Id.* 25:11–12). The Court also advised her that she had fourteen days to file a notice

of appeal, and if she could not afford an attorney or a copy of the court transcript, both would be provided for her. (*Id.* 25:12–20).

Petitioner timely filed the instant Motion to Vacate under 28 U.S.C. § 2255 less than one year after the judgment of conviction became final. 28 U.S.C. § 2255(f). In her Motion, Petitioner directly asserts one ground of requested relief: "The enhancement for potential loss is inaccurate." (Mot. to Vacate 4, ECF No. 75). Petitioner also indirectly asserts an ineffective assistance of counsel claim: "My court appointed attorney said he was going to appeal the enhancement but did not." (*Id.*). Lastly, Petitioner attaches her Emergency Motion to Amend Plea, filed on the docket on October 2, 2015 (ECF No. 64), which argues that her plea of guilty that was not knowing or voluntary because she received ineffective assistance of counsel. (Mot. to Vacate 13–17).

Because Petitioner's claims include ineffective assistance of counsel, the Government filed a Motion to Waive Attorney-Client Privilege for the purpose of responding to Petitioner's § 2255 Motion. (ECF No. 77). Petitioner did not file a Response, and the Court granted the Government's Motion. (ECF No. 81). In accordance with the Court's Order, Petitioner's appointed attorney Osvaldo E. Fumo, Esq. filed an Affidavit on January 15, 2016. (ECF No. 82).

II.            **LEGAL STANDARD**

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a); *see also United States v. Berry,* 624 F.3d 1031, 1038 (9th Cir. 2010).

One proper claim under § 2255 is ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must first show that counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." *Strickland v. Washington,* 466 U.S. 668, 687 (1984) (citations omitted). Second, a petitioner must also show that she was prejudiced by that performance. *See id.* 692. Under this standard, the question is whether "counsel's representation fell below an objective standard of reasonableness," and the Court's inquiry begins with a "strong presumption that counsel's conduct [falls] within the wide range of reasonable representation." *United States v. Ferreira–Alameda,* 815 F.2d 1251, 1253 (9th Cir. 1987) (as amended) (citations omitted). "[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Harrington v. Richter,* 562 U.S. 86, 105 (2011). Petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

**III.** **DISCUSSION**

First, Petitioner argues that she should not have received a four-level sentencing enhancement for an amount of loss exceeding $10,000 because she asserts that the amount of loss totaled $9,178.00. (Mot. to Vacate 4). The Government responds that this alleged sentencing error is not cognizable in a § 2255 proceeding because it was not raised on direct appeal. (Resp. 3:19–4:13, ECF No. 84). The Court agrees that the issue raised is procedurally barred.

"[N]onconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255." *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). Amount of loss does not constitute an allegation

of constitutional error.  Petitioner did not raise the amount of loss issue on direct appeal; therefore, Petitioner waived her right to assert this issue, and it is procedurally barred.

Next, Petitioner contends, "My court appointed attorney said he was going to appeal the enhancement but did not." (*See* Mot. to Vacate 4).  The Court construes this statement as a claim for ineffective assistance of counsel for failing to file a direct appeal.

During sentencing, the Court informed Petitioner of her appellate rights. (Sentencing Tr. 25:11–20, ECF No. 80).  Additionally, Mr. Fumo's Affidavit states, "Karen Koepke never asked me to appeal her sentence." (Aff. ¶ 11, ECF No. 82).  Even if Petitioner did ask Mr. Fumo to appeal her sentence and he assured her that he would, Petitioner fails to demonstrate the required prejudice for not filing an appeal of the sentencing enhancement. *See Strickland v. Washington,* 466 U.S. 668, 694 (1984) (describing the "appropriate test for prejudice" as "but for counsel's unprofessional errors, the result of the proceeding would have been different").

Here, Petitioner bases her amount of loss on one document attached to her Petition as Exhibit 2, which is Bates stamped 000001 and appears to be a discovery document; it lists the total number of checks as 33 and the total loss as $9,168.73. (Ex. 2 to Mot. to Vacate 32).  The discrepancy between this amount and the amount used at sentencing is a "U.S. Treasury tax refund check in the amount of $1,402" that is not included in Exhibit 2. (Resp. 7:5).  However, before Petitioner pled guilty, the Government filed a Guilty Plea Memorandum without a Plea Agreement, which included factual allegations, claimed that 638 pieces of stolen mail were recovered, and specifically referenced the $1,402 tax refund check. (Gov't Mem. 3:1–6:18, ECF No. 35).  Furthermore, as the Government notes, the Court "specifically advised" Petitioner of this U.S. Treasury tax refund check "at the change of plea." (Resp. 7:5–6); (*see also* Change of Plea Tr. 23:7–11, ECF No. 79).  The Government again noted at the end of the change of plea hearing that it recovered stolen checks whose face value exceeded $10,000 and it would be providing evidence at sentencing that the amount of loss was over $10,000.

(Change of Plea Tr. 26:9–13). The Court agreed that the amount of loss would be determined at sentencing. (*Id.* 26:13–19). Later, as the Government explains, the presentence investigation report "calculated the loss amount of $10,570.73 based on 34 checks." (Resp. 7:2–4). Petitioner's Sentencing Memorandum referenced only mitigating factors in its request for probation and did not contest the amount of loss. (ECF No. 47).

At the sentencing hearing, Petitioner told the Court that she had sufficient time to review and discuss her presentence investigation report with her attorney Mr. Fumo, and that she did not find any errors for the Court to consider changing. (*See* Sentencing Tr. 5:4–13). Immediately following this inquiry, the Court then read the offense level computation recommended in the presentence report, including the four-level enhancement because the "anticipated loss exceeded $10,000 but was less than $30,000." (*Id.* 5:20–21). At no point during sentencing did Petitioner or her counsel dispute this enhancement or the amount of loss. Even when Petitioner chose to speak before sentence was imposed, she did not contest the loss amount. (*See id.* 18:21–19:12). Because this issue lacks merit, the Court finds no prejudice to Petitioner and no ineffective assistance of counsel for failure to file a direct appeal.

Lastly, Petitioner's attached Emergency Motion to Amend Plea argues that her attorney Mr. Fumo provided ineffective assistance resulting in an unknowingly and involuntarily guilty plea. She contends that Mr. Fumo "constantly stated that by accepting this plea, [Petitioner] would be sentenced to probation." (Mot. to Vacate 16).

A guilty plea is voluntary if the defendant has notice of and understands the elements of the offense. *See Henderson v. Morgan,* 426 U.S. 637, 645 (1976). "Solemn declarations in open court carry a strong presumption of verity." *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) (citing *United States v. Moore,* 599 F.2d 310, 314 (9th Cir. 1979)). The *Strickland* test for ineffective assistance of counsel applies in the context of challenges to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). A petitioner must show both that counsel fell below

the standard of reasonableness, and regarding prejudice, that "but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

Here, Petitioner essentially alleges that her counsel promised her probation. She does not allege that, had counsel not incorrectly informed her of the sentencing enhancement, then she would have pled not guilty and insisted on going to trial. In fact, regardless of counsel's statements to Petitioner, she received notice from both the Government and the Court at both the change of plea and sentencing hearings regarding the applicable enhancement according to the amount of loss. (*See* Change of Plea Tr. 23–24, 26), (Sentencing Tr. 5). As mentioned *supra*, the Government's Guilty Plea Memorandum without a Plea Agreement (ECF No. 35) specifically included the four-level enhancement, which was applicable because the amount of loss was over $10,000; thus, this Memorandum placed her on notice that the Government would be seeking this enhancement. (*See id.* 7:7). Moreover, as the Government explains in its Response, the Court "conducted a thorough Rule 11 canvass" during Petitioner's change of plea hearing. (Resp. 7:14–15). This canvassing included Petitioner's affirmation of understanding that "the Court might impose a more severe sentence than requested by the attorneys" and "no one had made any promises to her about what her sentence would be." (Resp. 7:17–22); (*see also* Change of Plea Tr. 13–14, 18). As such, Petitioner's statements under oath in open court belie her assertion that her guilty plea was unknowing and involuntary. *See Rubalcaba*, 811 F.2d at 494. Accordingly, Petitioner has failed to demonstrate prejudice, and the Court finds no ineffective assistance of counsel resulting in an involuntary or unknowing plea of guilty.

///

///

///

///

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 75) is **DENIED**.

**DATED** this __23__ day of May, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court